## Ray, et al. v. Mayhew.

(Decided March 9, 1920.)

### Appeal from Allen Circuit Court.

Wills—Construction of.—Where a testator provided in his will that the estate given to his daughter who was of unsound mind "should be held for her by a trustee until her mind becomes sound or until her children become twenty-five years of age," the intention was that the share of this daughter should be held for her until the children reached twenty-five, if she lived until that time and continued incompetent; if she was restored to her right mind in that time it should be paid to her. but if she died incompetent before the children reached twenty-five, the estate should be held by the trustee for them until they reached that age.

OLIVER & DIXON for appellants.

GILLIAM & GILLIAM for appellee

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Affirming.

George W. Mayhew, in making provision for the distribution of his estate which was all personal, said in the fourth clause of his will:

"I desire further that if my daughter, Lemmie B. Ray, who is now in the asylum at Hopkinsville with unsound mind, should not be of sound mind that her part of my personal estate be held for her until her mind becomes sound, or until her children become twenty-five years of age."

And in the sixth clause said:

"My desire is, and I appoint my son, Rufus A. Mayhew, executor of this my last will and testament and ask the court to take him without bond, and give him 4% for his services, and further desire that if Lemmie B. Ray's part of my personal estate should be held in trust for her children as hereinbefore stated, my son, Rufus A. Mayhew, be appointed guardian or that the court take

any one recommended by him for the children of my Lemmie B. Ray.''

His daughter, Mrs. Ray, died before the testator leaving surviving her four children, who when this suit was brought were over fourteen years of age. There came into the hands of Rufus A. Mayhew, so the petition shows, about $2,300.00, to which these children are entitled under the will of their grandfather, and the controversy here is as to whether Rufus A. Mayhew, or George Ray, their statutory guardian, is entitled to the custody of this fund. The lower court ruled that Mayhew as trustee or someone nominated by him was entitled to hold it, and the guardian appeals.

We think the lower court correctly decided. As we construe the fourth clause of the will, the testator intended that the share of his afflicted daughter should be held for her until the children reached twenty-five, if she lived until that time and continued incompetent, but if she was restored to her right mind within that time it should be paid to her. If however, she died incompetent before the children reached twenty-five, then the estate should go to them to be held by the trustee until they reached twenty-five.

In no event was it to come into the actual possession of the children until they reached the age of twenty-five.

In the sixth clause he provided that the estate should be held in trust for the children and that, his son Rufus, or someone recommended by him, should be ''guardian,'' but it is clear that the testator intended to appoint his son Rufus trustee and not ''guardian,'' and we so construe the will.

The testator had the right to appoint his son Rufus as trustee for these children, to hold in trust for them the money they were to have, and the trustee and not the statutory guardian is entitled to its custody.

Wherefore the judgment is affirmed.